IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CR 840-1 |
| vs. | ) | Honorable John W. Darrah |
| | ) | 13 C 1426 |
| JOHN HEMPHILL, | ) | Judge John W. Darrah |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR § 2255 RELIEF

Defendant John Hemphill, by his undersigned lawyer, moves the Court for appropriate relief under 28 U.S.C. § 2255. In support of his motion, the defendant states:

1. As the Court is aware:

- Hemphill was previously convicted of "mail fraud and impersonation of a federal officer," following a jury trial, and sentenced to a term of 90 months' imprisonment.[1] Hemphill "proceeded to trial pro se, with the assistance of appointed stand-by counsel."[2] His conviction and sentence were subsequently affirmed on appeal.[3]

- While Hemphill's case was pending in the appellate court, his prior stand-by counsel was informed by the Probation Officer who had prepared the Presentencing Investigation Report that documents had been received by his office, belatedly, showing that, as a child,

---

[1] *United States v. Hemphill*, 447 Fed. Appx. 733, 2011 U.S. App. LEXIS 23438, **1 (7th Cir. 2011).

[2] *Id.*

[3] *See Hemphill, supra.*

Hemphill had been found to be mentally retarded. After Hemphill's case returned from the appellate court to the district court, I was appointed to represent him in connection with any potential legal issues that these belated disclosures might raise. In order to investigate these issues adequately, I sought, and obtained, court authorization to obtain an evaluation of Hemphill by a mental-health specialist. That evaluation, as I advised the Court at today's status hearing, has commenced but not yet concluded.

2. As discussed at today's status hearing, despite the fact that this mental-health evaluation has not been completed, I nonetheless deem it appropriate to file a § 2255 motion at this time so as to avoid any potential statute-of-limitations issues that might otherwise arise.

3. Accordingly, in light of the foregoing, we claim, on the basis of the information currently available to us, that Hemphill's "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack" because deficiencies in his mental functioning, which were never disclosed to the trial judge or the jury, serve to undermine the legal validity of his waiver of his right to counsel, his trial, and his sentencing.

4. As discussed at today's status hearing, I intend to revisit these claims after this mental-health evaluation has been completed, along with any additional investigation and legal research that may be appropriate. In the meantime, I

understand that this matter will be held in abeyance and that the parties will return to court for a further status hearing on May 23, 2013.

Respectfully submitted,

s/Richard H. McLeese
Lawyer for John Hemphill

Richard H. McLeese
900 W. Jackson Blvd., Suite 6W
Chicago, IL 60607
312/492-7273
312.268.6291 (fax)
RMcleeseLaw@aol.com

## CERTIFICATE OF SERVICE

The undersigned lawyer hereby certifies that service of the above document was made through the district court's ECF system to opposing counsel on February 20, 2013.

s/Richard H. McLeese
Lawyer for John Hemphill
