FILED
APR 21 2016
Apr 21, 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> (plaintiff) ) <br> ) <br> v. ) <br> ) <br> **John Hemphill** ) <br> (defendant) ) <br> ) | Case No. 13. CV. 1426 <br><br> Judge John Darrah |

## MOTION OF SUMMARY JUDGEMENT

Now comes the John Hemphill, pro se, by and through his own means presenting a motion of Summary Judgement seeking relief for the complaint into which:

The Defendant, John Hemphill, was sentenced to mail fraud and posing as a United States Receiving Officer after which on conviction Mr. Hemphill filed a motion for *Ineffective Assistance of Counsel* on said counsel for filing a frivolous 2255 motion in which the Judge found reasonable standing to allow Mr. Hemphill to continue pro se. And then filed an appropriate 2255 with the Court in which defendant did and is awaiting rebuttal from the government. The Judge then allowed plaintiff several extensions to respond in which the government did not comply with.

The right of reliance is tightly bound up with the duty of a representee to be diligent in safeguarding his interests. The legal obligation is that a person excercises common sense and judgement is practical.

The Apellate Court reviews the District Court's grant of summary judgement *de novo* and construes all facts and reasonable inferences in light most favorable to the

non-moving party. In this matter, summary judgement is appropriated if the movant shows that there is no genuine dispute as to any material fact that exists if the evidence is such that reestablishing that no genuine dispute exists as to any material fact. After a properly supported motion for summary judgement is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Fed R. Civ. P. 56(a).*

Now the defendant, John Hemphill is seeking relief to overturn the conviction.

John Hemphill, pro se

Register No. 22856429

Date: 4/18/2016

**Table of References:**
*United States Court of Appeals Seventh Circuit; Sullivan v. Glenn (2015) 782 F. 3d 378; United States v. Frane 782 F. 3d 820 (2015); Cunningham v. Air Line Pilots Association Int'l. 769 F. 3d 539 (2014); Council v. Dolton 764 F. 3d 747 (2014); Huan v. Johnson & Bell, Ltd. (2014); Hrin v. TOA (USA), LLC (2014) 751 F. 3d 499; In re c.p. Hall Co. v. Colombia Casualty Co. 750 F. 3d 659; Fuqua v. Svox AG 754 F. 3d 397 (2014); U.S. App Lexis 8090 Xiong v. Fischer 2014; Jentz v. Conagra Foods, Inc. 767 F. 3d 688 (2013): United States v. Pantazelos 551 Fed Appx 272 (2013); Fields v. Wharrie 740 F. 3d 2207 2013; Trans Union Corp. Privacy Litig. 741 F. 3d 811 (2013); McWaters v. Parker 995 F. 2d 1366 (1993; Contract Law>Defenses>Government's>Fiduciary Responsibilities; Summary Judgement Burden of Production's Proof> Movants.*

## CERTIFICATE OF SERVICE

Defendant hereby certifies that a copy of this petition was provided for the Attorney for the United States and mailed to the clerk's office.

                                        John Hemphill, pro se

                                        Register No. 22826424

                                        Date: 4 / 18 / 2016